IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO BINNO, )
           Plaintiff, )
                               )   Case No.:
    v. )
                               )   Hon.
THE AMERICAN BAR ASSOCIATION, )
           Defendant. )
_____/

Richard H. Bernstein (P58551)
Michael J. Blau     (P34834)
The Sam Bernstein Law Firm
Attorneys for Plaintiff Angelo Binno
31731 Northwestern Hwy Ste 333
Farmington Hills, MI 48334
248-737-8400
_____/

**COMPLAINT**

Plaintiff Angelo Binno states as follows:

**INTRODUCTION**

1. Plaintiff brings this action to put an end to the American Bar Association's failure to comply with the Americans with Disabilities Act of 1990, 42 U.S.C. § 12189, (ADA), namely their accreditation practices for both public and private American Law Schools discriminate against the blind and visually impaired and result in the denial of access to a legal education.

2. The American Bar Association (ABA) is discriminating against Plaintiff, and others similarly situated, by enacting accreditation standards which have the effect of denying blind and visually impaired students equal access to educational

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

1

opportunities at American Law Schools by requiring that said law schools administer an entrance exam which is patently discriminatory. The discriminatory acts and omissions include, but are not limited to, the following:

a. The American Bar Association has promulgated accreditation standards for American Law Schools, known as the "ABA Standards for Approval of Law Schools" which it knows, or should know have the effect of discriminating against blind and visually impaired law school applicants.

b. Under Standard 503 of the ABA Standards for Approval of Law Schools, the ABA requires that every incoming JD student have taken a "valid and reliable" admission test as a prerequisite to admissions. The ABA interprets this section as imposing a heightened burden on law schools to prove the efficacy of tests other than the "Law School Admission Test sponsored by the Law School Admission Council." The ABA knows or should know, that the Law School Admission Test is the only widely used commercially available exam for assessing law school applicants and that the test is inherently discriminatory to the blind and visually impaired.

c. A law school which endeavors to grant a reasonable accommodation to a blind or visually impaired applicant by waiving or exempting the applicant from completing the inherently discriminatory Law School Admission Test risks being subject to "appropriate remedial action, have sanctions imposed upon it or be placed on probation, or be removed from the list of law schools approved by the Association" pursuant to Rule 13 of the ABA Standards for Approval of Law Schools.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

2

3. By ignoring ongoing discrimination and continuing to deny equal access to education opportunities at American Law Schools for Plaintiff and others similarly situated, the Defendant treats Plaintiff as a second-class citizen, unjustly disregarding his basic rights to equality and dignity, and causes embarrassment, humiliation, harassment, emotional distress and unjustly and unreasonably limits his educational and career opportunities. Therefore, Plaintiff seeks injunctive relief and declaratory relief to redress Defendant's past and continuing violation of his rights under federal law.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under federal statute, the Americans with Disabilities Act of 1990. In addition, this Court has jurisdiction over Plaintiff's claims for declaratory relief, pursuant to 28 U.S.C. § 2201-02.

5. Venue is proper in the Eastern District of Michigan, Southern Division, because the jurisdiction for the claim being brought against the American Bar Association is not founded solely on diversity jurisdiction, and because the events, acts, and omissions giving rise to Plaintiff's claims occurred in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff, Angelo Binno, is a twenty-eight-year-old resident of West Bloomfield, Michigan who is legally blind.

7. Angelo Binno has standing to bring the present cause of action.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

3

    a. Plaintiff is physically disabled according to the definition provided by the ADA, as he is "substantially impaired in the major life activity of seeing."

    b. Plaintiff wishes to attend a Law School accredited by the American Bar Association but cannot gain admission given the requirement that he take an entrance exam which contains questions that are discriminatory to the blind and visually impaired.

    c. Plaintiff is unable to seek a waiver or exemption of the entrance exam requirement because the ABA requires that an entrance exam be given to each applicant prior to their admissions.

    d. Plaintiff has been and continues to be damaged by the policy of the Defendant of requiring the administration of a discriminatory entrance exam prior to being considered for admission to any accredited law school in the United States.

8. The American Bar Association is a private entity within the meaning and definition of the ADA, as it is a private organization charged with the authority to accredit American Law Schools.

## FACTUAL ALLEGATIONS

9. The American Bar Association Section of Legal Education and Admission to the Bar is the sole entity charged with accrediting law schools in the United States.

10. Under 34 CFR, Chapter VI, § 602, the "Accreditation Committee" of the "Section of Legal Education and Admission to the Bar" is recognized by the United States Department of Education (DOE) as the accrediting agency for programs that lead to the J.D. degree.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

11. The Council of the Section promulgates the Standards and Rules of Procedure for Approval of Law Schools with which law schools must comply in order to be ABA-approved.

12. Prior to 1997, law schools exercised discretion to grant a reasonable accommodation in the form of an entrance exam exemption or waiver, to otherwise qualified blind or visually impaired applicants, for whom the examination would pose a discriminatory obstacle to admission.

13. Standard 503 of the ABA Standards for Approval of Law Schools states in pertinent part that "A law school shall require each applicant for admission as a first year J.D. student to take a valid and reliable admission test to assist the school and the applicant in assessing the applicant's capability of satisfactorily completing the school's educational program."

14. In interpreting the requirements of Standard 503, the ABA Standards for Approval of Law Schools states in pertinent part that "A law school that uses an admission test other than the Law School Admission Test sponsored by the Law School Admission Council shall establish that such other test is a valid and reliable test to assist the school in assessing an applicant's capability to satisfactorily complete the school's educational program."

15. A law school that chooses to grant a waiver or exemption from the examination requirement faces sanctions, up to and including, loss of accreditation under Rule 13 of the ABA Standards for Approval of Law Schools.

16. The requirement to establish that the test "is a valid and reliable test…" does not apply to the Law School Admission Test and thus it is this exam that is required

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

5

by virtually all law school programs in the United States as a condition precedent to admission.

17. The Law School Admission Council (LSAC) website (lsac.org/JD/LSAT/about-the-LSAT.asp) states that "All American Bar Association (ABA)-approved law schools, most Canadian law schools, and many other law schools require applicants to take the LSAT as part of their admission process," confirming the effect of Standard 503 that all law schools in the United States require applicants to take the LSAT and that this requirement is a condition of their continued accreditation by the Defendant.

18. The LSAT is a standardized test consisting of approximately 100 multiple choice questions.

19. Approximately one-fourth of the questions on the exam are what is known as "Analytical Rezoning Questions" or logic game questions which require spatial reasoning and diagramming of visual concepts for successful completion by most applicants. An example of an actual LSAT logic game question from the 2007 examination and the accompanying instructions are incorporated herein and attached to this complaint as "Exhibit-A."

20. A blind or visually impaired applicant is unable to conceive of spatial relationships or diagram answers in the same manner as their sighted peers.

21. The Law School Admission Council has previously acknowledged the appropriateness of LSAT waiver as a reasonable accommodation for blind applicants. A letter from the Law School Admission Council is incorporated herein and attached to this complaint as "Exhibit-B."

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

22. Plaintiff is legally blind and therefore incapable of perceiving spatial relationships or performing the necessary diagramming to successfully complete the logic games questions on the LSAT at a competitive level.

23. Being unable to competitively answer questions on a quarter of the exam causes plaintiff substantial embarrassment, emotional distress, and mental anguish during the exam which adversely impacts his overall performance.

24. Despite repeated attempts, Plaintiff has been unable to attain admission to law school as a result of his poor performance on the LSAT.  Plaintiff has been denied admission to three law schools in the Eastern District of Michigan as a result of Defendant's mandate that he take a discriminatory entrance exam.

25. Plaintiff requests an exemption or waiver of the LSAT when reapplying to law schools so that he may be judged on his other credentials in assessing his capability to satisfactorily complete the school's educational program, free from the stigma and prejudice of the LSAT and its discriminatory nature.  Plaintiff's other accomplishments include but are not limited to:

   a. Plaintiff despite his disability speaks three languages fluently.

   b. Plaintiff despite his disability was able to complete his high school education in just three years as opposed to the traditional four.

   c. Plaintiff despite his disability gained acceptance and graduated from Wayne State University, in Detroit, Michigan.

   d. Plaintiff despite his disability was able to obtain employment with the United States Department of Homeland Security where he was awarded a high-level security clearance.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

26. As a direct and proximate result of the Defendant's actions in implementing Standard 503, the Plaintiff is unable to request a reasonable accommodation in the form of an LSAT exemption or waiver, and instead will continue to be damaged by the Defendant's requirement that he take a discriminatory exam.

27. The American Bar Association has seriously injured Plaintiff, and those similarly situated. Plaintiff's injuries include, but are not limited to, emotional distress, time lost from education, time lost from profession, time lost from social interaction, loss of earning capacity, loss of camaraderie, and pain and suffering.

28. On information and belief, Plaintiff alleges that the American Bar Association, through their agents and employees, have acted intentionally, willfully, in bad faith, and / or with reckless disregard and indifference for the federal legal rights of Plaintiff, and others with disabilities, in committing the acts and omissions stated here.

29. Defendant continues to discriminate against Plaintiff and others based on their disabilities, by denying Plaintiff and others with equal access to a legal education, free from the discriminatory requirement that they take the Law School Admission Test as a condition of their acceptance, and that all law schools require the test as a condition of their accreditation.

30. Plaintiff has no adequate remedy at law. While Plaintiff reserves the right to seek monetary relief, Plaintiff is not expressly doing so through this complaint. Plaintiff seeks equitable relief to rectify Defendant's ongoing acts and omissions, as stated herein, and requests the requirement that a law school not waive the LSAT for the blind and visually impaired be stricken.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

8

31. In short, the American Bar Association mandates that law schools force blind and visually impaired applicants to take a discriminatory test in violation of the Americans with Disabilities Act. The idea that a blind applicant be forced to draw pictures as a condition of applying to law school is absurd, unwarranted, and at variance with long-standing law.

### Count I

**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, SPECIFICALLY, 28 CFR 36.309 ET SEQ AND RELATED**

32. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 31, inclusive.

33. In enacting the ADA, Congress expressly determined that society tends to isolate and segregate people with disabilities, that people with disabilities continually encounter prejudice and discrimination, including outright exclusion and the failure to eliminate exclusionary criteria; that this nation should assure equality of opportunity for all participation, independent living, and economic self-sufficiency to individuals with disabilities, and that continuing discrimination impedes them from competing on an equal basis and pursuing opportunities available to other citizens. 42 U.S.C. §12101(a).

34. The express purpose of the ADA is to provide a clear and comprehensive national mandate for eliminating discrimination against individuals with disabilities; to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities, and to ensure that the federal government plays a central role in enforcing standards established in the Act on behalf of individuals with disabilities 42 U.S.C. §12101(b).

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

35. The Plaintiff is a legally blind man who is a "qualified individual with a disability" under the ADA.

36. The American Bar Association is a "private entity" as defined by the ADA.

37. Through the acts and omissions alleged here, Defendant has acted in disregard of Plaintiff's disability, excluded plaintiff, and those similarly situated from a legal education, and subjected them to discrimination, in violation of the ADA.

38. Defendant's acts and omissions are in violation of the equal access and nondiscrimination requirements set forth in Title III of the ADA, and the regulations promulgated thereunder, and have resulted in injury to Plaintiff and others with disabilities.

39. Defendant's acts and omissions constitute an ongoing and continuous violation of Title III of the ADA.  Unless restrained and enjoined from doing so, Defendant will continue to violate this statute and to inflict irreparable injuries for which Plaintiff has no adequate remedy at law.

40. Title III of the Americans with Disabilities Act makes it illegal to discriminate against a qualified person with a disability.

41. Title III of the Americans with Disabilities Act states in pertinent part that "Any private entity that offers examinations or courses related to applications, licensing, certification, or **credentialing for secondary or postsecondary education**, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities **or offer alternative accessible arrangements for such individuals**." 28 CFR 36.309(a) (emphasis added).

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

42. The regulations further require that "The examination is selected and administered so as to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, **rather than reflecting the individual's impaired sensory, manual, or speaking skills** (except where those skills are the factors that the examination purports to measure). 28 CFR 36.309(b)(1)(i) (emphasis added).

43. By promulgating the ABA Standards for Approval of Law Schools, and specifically Standard 503 thereunder, Defendant has required all law school applicants to take the Law School Admission Test which is an examination within the meaning of 28 CFR 36.309.

44. Standard 503 of the ABA Standards for Approval of Law Schools, and the corresponding sanctions contained in Rule 13 of the Standards for Approval of Law Schools, directly discriminate against Plaintiff, and other qualified individuals with disabilities, by mandating that the Plaintiff takes an inherently discriminatory examination and disallowing any law school from waiving the examination as a reasonable accommodation.

45. The examination which the Defendant's rules effectively require applicant's to take, demands spatial reasoning and the ability to diagram, skills that are impossible for a blind or visually impaired applicant to competitively engage in.

46. Because the Plaintiff is legally blind, he cannot competitively complete significant portions of the examination using the methods that are required of all

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

test takers. Specifically, by requiring Plaintiff to answer questions that deal with spatial relationships and diagramming, the test does not effectively measure the Plaintiff's aptitude for the study of law, which is the purported intent of the exam, but rather illegally reflects Plaintiff's impaired sensory skills in violation of 28 CFR 36.309(b)(1)(i).

47. Upon information and belief, the American Bar Association has been, and continues to be aware of, the discriminatory effects of their accreditation requirements and yet has taken no action to mitigate the effects of its policy.

48. As the sole entity responsible for accrediting law schools, and promulgating rules and regulations for the testing of prospective law school applicants, the Defendant's actions have caused, and will continue to cause, significant injury and irreparable harm to the Plaintiff, and others with disabilities. Plaintiff's injuries include, but are not limited to, emotional distress, time lost from education, time lost from profession, time lost from social interaction, loss of earning capacity, loss of camaraderie, and pain and suffering.

49. As stated above, the American Bar Association has failed to comply with the non-discrimination requirements of Title III of the Americans with Disabilities Act and is woefully in violation of their obligations to provide accommodations and to refrain from discriminating against persons with disabilities.

WHEREFORE, Plaintiff requests the relief set forth below.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

50. A declaration that the American Bar Association's acts and omissions unlawfully violate Plaintiff's rights under the American's with Disabilities Act of 1990 (ADA).

51. An injunction restraining the American Bar Association from engaging in the accreditation of law schools unless, and until it complies with the requirements of Title III of the Americans with Disabilities Act, and ceases its implementation of Standard 503 of the ABA Standards for Approval of Law Schools, which discriminates against Plaintiff and other individuals with disabilities.

52. An injunction restraining the American Bar Association from applying Standard 503 of the ABA Standards for Approval of Law Schools to the Plaintiff and others with disabilities for whom the rule would have a discriminatory effect.

53. A further injunction requiring the American Bar Association to provide individuals with disabilities with full and equal access to the programs and services of the institutions that they accredit, and restraining the American Bar Association from discriminating against individuals with disabilities who wish to apply to law schools accredited by them.

54. Although Plaintiff seeks no compensatory damages at this time, Plaintiff wishes to reserve the right to amend and request compensatory damages should it become necessary to encourage the American Bar Association to comply with federal law.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

55. Although Plaintiff seeks no actual attorney's fees or costs, Plaintiff wishes to reserve the right to amend and request attorney's fees and costs should it become necessary to encourage the American Bar Association to comply with federal law.

56. All other relief that this Court deems just and proper.

                      Respectfully submitted,

By *[signature: Rich Bernstein]*
Richard H. Bernstein (P58551)
Michael J. Blau     (P34834)
THE SAM BERNSTEIN LAW FIRM
Attorneys for Plaintiff Angelo Binnno
31731 Northwestern Hwy Ste 333
Farmington Hills, MI  48334
(248) 737-8400
(248) 737-4392 (facsimile)
rbernstein@sambernstein.com
mblau@sambernstein.com

Dated: May 24, 2011

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

# EXHIBIT-A



June 2007

LSAT

Form 8LSN75

2

SECTION I

Time—35 minutes

23 Questions

Directions: Each group of questions in this section is based on a set of conditions. In answering some of the questions, it may be useful to draw a rough diagram. Choose the response that most accurately and completely answers each question and blacken the corresponding space on your answer sheet.

Questions 1–5

A company employee generates a series of five-digit product codes in accordance with the following rules:
  The codes use the digits 0, 1, 2, 3, and 4, and no others.
  Each digit occurs exactly once in any code.
  The second digit has a value exactly twice that of the first digit.
  The value of the third digit is less than the value of the fifth digit.

1. If the last digit of an acceptable product code is 1, it must be true that the

    (A) first digit is 2
    (B) second digit is 0
    (C) third digit is 3
    (D) fourth digit is 4
    (E) fourth digit is 0

2. Which one of the following must be true about any acceptable product code?

    (A) The digit 1 appears in some position before the digit 2.
    (B) The digit 1 appears in some position before the digit 3.
    (C) The digit 2 appears in some position before the digit 3.
    (D) The digit 3 appears in some position before the digit 0.
    (E) The digit 4 appears in some position before the digit 3.

3. If the third digit of an acceptable product code is not 0, which one of the following must be true?

    (A) The second digit of the product code is 2.
    (B) The third digit of the product code is 3.
    (C) The fourth digit of the product code is 0.
    (D) The fifth digit of the product code is 3.
    (E) The fifth digit of the product code is 1.

4. Any of the following pairs could be the third and fourth digits, respectively, of an acceptable product code, EXCEPT:

    (A) 0, 1
    (B) 0, 3
    (C) 1, 0
    (D) 3, 0
    (E) 3, 4

5. Which one of the following must be true about any acceptable product code?

    (A) There is exactly one digit between the digit 0 and the digit 1.
    (B) There is exactly one digit between the digit 1 and the digit 2.
    (C) There are at most two digits between the digit 1 and the digit 3.
    (D) There are at most two digits between the digit 2 and the digit 3.
    (E) There are at most two digits between the digit 2 and the digit 4.

GO ON TO THE NEXT PAGE.

# EXHIBIT-B

**Law School Admission Services**    Box 2000T
                                     Newtown, PA 18940-0995

May 25, 1995

Test Administration Group                              215.968.1001
                                                       FAX 215.968.1277

Richard H. Bernstein
3256 Bloomfield Shore Drive
West Bloomfield, MI  48323

Dear Mr. Bernstein:

Your request for additional test time for the June 12, 1995
LSAT has been forwarded to me for response.

Due to the amount of additional test time you are requesting,
it may be more beneficial for you to request that the law
schools waive the LSAT test requirement.

To request that the law schools waive the LSAT requirement,
you shoul refer to the procedures covered in the paragraph on
page 11 of the 1995-96 LSAT/LSDAS Registration and Information
Book concerning the waiving of the LSAT requirement.

Since accommodated conditions have not been established for
the June 12, 1995 LSAT, you will be refunded $79.00 for the
LSAT registration fee.  Please allow approximately two weeks
for receipt of your refund check.

If you have any questions concerning the above, please do not
hesitate to contact Law Services at (215)968-1001.

Sincerely,

Tom Ruck
Manager, Test Administration